IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

SONYA MOORE,

                    **Plaintiff,**

  v.                                         1:04-cv-2852-WSD

CABRERA & ASSOCIATES, P.C.,
a New Jersey professional
corporation,

                    **Defendant.**

## ORDER

This is an action in which Plaintiff seeks damages for Defendant's alleged violation of the Fair Debt Collection Practices Act ("FDCPA"). It is before the Court on Plaintiff's Motion for Reconsideration of the Court's Order of June 2, 2005, and Judgment of June 3, 2005 [8]. Defendant did not respond to Plaintiff's motion, indicating there is no opposition to it. See L.R. 7.1(B), N.D. Ga.

On or about December 13, 2004, the parties agreed to settle this case. As part of the settlement, Defendant agreed to pay $3,000 to Plaintiff in three equal installments of $1,000. Although Defendant paid the first $1,000 installment, it failed to pay the second and third installments and, through its counsel, notified

counsel for Plaintiff that it does not intend to pay these amounts.  On March 8, 2005, Plaintiff moved the Court to enter judgment in her favor in the amount of the unpaid installments, as well as the attorneys' fees incurred in enforcing the settlement agreement.  On June 2, 2005, the Court granted Plaintiff's motion and directed the Clerk of Court to enter judgment in favor of Plaintiff in the amount of $2,000.  (June 2, 2005 Order at 2-3.)  The Court denied Plaintiff's request for attorneys' fees, however, finding that Plaintiff failed to demonstrate such fees were authorized.  (Id. at 3 n.1.)  Plaintiff moves the Court to reconsider its denial of attorneys' fees.

A motion for reconsideration is appropriate only where there is: (1) newly discovered evidence; (2) an intervening development or change in controlling law; or (3) a need to correct a clear error of law or fact.  Jersawitz v. People TV, 71 F. Supp. 2d 1330, 1344 (N.D. Ga. 1999); Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Eng'rs, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). Having reviewed Plaintiff's Motion for Reconsideration and Brief in Support, as well as the materials filed in support of his original motion to enforce the settlement, the Court is persuaded that reconsideration is appropriate here.  Specifically, the Court finds that an award of attorneys' fees is authorized under the FDCPA, as

well as the Court's inherent power.  The Court also finds that the time spent on this matter was reasonable, and that the fees requested here reflect an hourly rate that is reasonable and is in keeping with the market value of such services performed by attorneys of similar experience and skill in the Atlanta area.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration [8] is **GRANTED** and the Court's June 3, 2005 Judgment [7] is **VACATED**.

**IT IS FURTHER ORDERED** that the Court **DIRECTS** that judgment shall be entered in favor of Plaintiff and against Defendant in the amount of $2,000.00 in damages under the settlement agreement, plus $1,431.00 in attorneys' fees, the total of said judgment being $3,431.00.

**SO ORDERED**, this 11th day of October, 2005.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE